By the Court.
Oakley, Ch. J.
The main question in this case is, whether,.under the statute, it was not the duty of *111 the defendants to have made an estimate of the expense necessary to be incurred in the construction of the work, and to make the assessment thereof upon the owners and occupants of premises liable to the same, previously to entering upon the construction of the work.
This question came before us recently, in the case of Wetmore v. Campbell, (2 Sandf. Rep. 341.) In that case, an assessment similar to the one in the present instance, was held to be valid and legal. The reasons laid down in the opinion of the court for the conclusion thus arrived at, we deem well grounded, and we have no hesitation in'applying the principles of that decision to the case before us.
Various other objections are taken by the plaintiff to the regularity of the proceedings on the assessment in question, which we will notice.
In the first place, that the common council had appointed three individuals to make the assessment in the original ordinance, and that these persons were afterwards removed, and others substituted in their places, by whom the assessment was actually made. It is contended that the common council had no authority of removal or substitution as thus exercised; that the power of appointment was a naked power, and that when once executed, it was exhausted. There is no weight in this objection. The common council were in the habit of appointing the assessors from the deputies and clerks in the office of the street-commissioner. After the appointment of the assessors named in the original ordinance, a change of administration occurred in the street-commissioner’s office, and those persons ceased to be officers there; in consequence of which the change of the assessors was made by an amendment of the ordinance, and the substitution of the three individuals who succeeded those officers. We can see no objection to this. The law authorizes the common council to appoint the assessors, and the right of removal and substitution is implied. An assessor may die, or may decline to act, or other causes may arise which may prevent him from exercising his duties. No rights are injured by the substitution in the present case.
*112 It is also objected, that the newly appointed officers took no oath until after the assessment was made. This fact does not appear. The time when the assessment was in fact made is not distinctly proved. It is enough, if the oath were taken before the making of the report to' the common council, which is the-completion of the assessment, and the adoption of all that has been previously done in its preparation.
' It is also objected, that the law requires that the lots should be described by street numbers. It is a sufficient answer to this objection that it was not taken at the trial, when it might have been shown that there were no street numbers. In all cases of this kind, the objection must be made at the trial.
Judgment for the defendants.